UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODNEY DAVIS,<br><br>   *Defendant*. | Criminal Action No. 18-26 (TJK) |

## MEMORANDUM ORDER

Defendant Rodney Davis pleaded guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), and was sentenced. Now proceeding pro se, Davis moves to vacate, set aside, or correct that sentence under 28 U.S.C. § 2255, based largely on ineffective assistance of counsel in connection with the plea and sentencing. For the reasons explained below, the Court will deny the motion.

**I. Background**

In May 2018, Davis pleaded guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation 18 U.S.C. § 2423(b). ECF Nos. 14, 15. Davis admitted to traveling across state lines to engage in a sexual act with what turned out to be a fictious eight-year-old girl, after engaging in conversations about doing so with an undercover police officer. ECF No. 15. In a written plea agreement, Davis agreed to a standard waiver of appeal rights, as well as to "waive[] any right to challenge the conviction entered or sentence imposed . . . in any collateral attack, including . . . a motion brought under 28 U.S.C. § 2255 . . . except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel." ECF No. 14 at 6–7. In August 2019, the Court sentenced Davis to 108 months of incarceration followed by ten years of supervised release. ECF No. 29. That sentence of incar-

ceration represented the bottom of the applicable sentencing guidelines range, after the Court applied a four-point "minor victim" specific offense characteristic because "the victim had not attained the age of twelve years." U.S.S.G. § 2A3.1(b)(2)(A). The parties agreed to that enhancement both in the plea agreement, at the change-of-plea hearing, and at sentencing. *See* ECF No. 14 at 2; ECF No. 37 at 9–10.

Davis appealed, alleging ineffective assistance of counsel, and in July 2022, the Circuit affirmed both the conviction and sentence. *United States v. Davis*, 45 F.4th 73 (D.C. Cir. 2022). Specifically, it upheld the Court's application of the minor victim enhancement, holding that it applied even though the victim was fictitious, and thus counsel's failure to raise what would have been a meritless challenge was not constitutionally deficient. *Id.* at 77–80. The Circuit also found that Davis's appeal waiver was made knowingly, intelligently, and voluntarily, and so it did not reach the rest of Davis's claims that the Court made substantive and procedural errors during sentencing. *Id.* at 80–81.[1]

A year later, Davis, proceeding pro se, moved to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, again largely relying on claims of ineffective assistance of counsel. ECF No. 48. The Government opposes. ECF No. 52. Davis also moved to compel disclosure of all records related to the case under the control of the District of Columbia Federal Public Defender's Office, ECF No. 55, as well as to appoint counsel, ECF No. 56.

---

[1] These claims were that the Court erred at sentencing "by failing to announce the standard conditions of Davis' supervised release; inadequately factoring Davis' gender identity into the sentence; and rejecting evidence of sentencing disparities between Davis and similarly situated defendants." *Davis*, 45 F.4th at 80.

## II. Legal Standard

A motion under § 2255 allows federal prisoners to collaterally attack an otherwise final sentence if the sentence was (1) "imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose [the] sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "The petitioner bears the burden of proof under § 2255 and must demonstrate her right to relief by a preponderance of the evidence."  *United States v. Ashton*, 961 F. Supp. 2d 7, 11 (D.D.C. 2013); *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973).  "Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments."  *United States v. Moore*, 75 F. Supp. 3d 568, 571 (D.D.C. 2014).  As a result, it is typically only granted if "the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (citation omitted).

Thus, a motion to vacate "under § 2255 is neither a second chance at appeal nor is it a substitute for direct appeal."  *Ashton*, 961 F. Supp. 2d at 11.  That is, a defendant "cannot raise collaterally any issue litigated and adjudicated on direct review, absent exceptional circumstances."  *Moore*, 75 F. Supp. 3d at 572; *see also Ashton*, 961 F. Supp. 2d at 11.  Similarly, once "a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice'" or "actual innocence."  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  Cause for default exists where "some 'objective factor external to the defense' impeded efforts to raise an issue in trial or on direct appeal."  *Moore*, 75 F. Supp. 3d at 572 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  And to show "actual prejudice," a petitioner "must *at least* demonstrate

3

that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (citation omitted). But "[w]here a petitioner raises claims of ineffective assistance of counsel in a § 2255 motion, he need not show 'cause and prejudice' for not having raised such claims on direct appeal, as these claims may properly be raised for the first time in a § 2255 motion." *United States v. Cook*, 130 F. Supp. 2d 43, 45 (D.D.C. 2000), *aff'd*, 22 F. App'x 3 (D.C. Cir. 2001) (citation omitted).

### III.  Analysis

Because Davis proceeds pro se, the Court construes this motion expansively, to challenge the lawfulness of Davis's plea, waiver of collateral attack rights, and sentence, as well as to assert related claims of ineffective assistance of counsel, where appropriate. A defendant's waiver of his appeal or collateral attack rights must be "knowing, intelligent, and voluntary." *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009). And even "where a defendant waives the right to appeal or collaterally attack his conviction as part of his plea agreement, he does not waive the right to challenge that waiver itself on the grounds that it was not knowing and voluntary." *United States v. Safarini*, No. 91-cr-504-3 (EGS), 2021 WL 5050092, at *11 (D.D.C. Nov. 1, 2021); *see also Garza v. Ohio*, 586 U.S. 232, 239 (2019). To claim ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Courts reviewing such claims must be "highly deferential" to counsel's performance and "judge the reasonableness of counsel's challenged conduct on the facts of the

4

particular case, viewed as of the time of counsel's conduct." *Id.* at 689–90. As explained below, none of Davis's four claims provides grounds for relief under § 2255.[2]

### A.   The "Minor Victim" Specific Offense Characteristic

Davis contends that counsel was ineffective because the Court's application of the four-level "minor victim" specific offense characteristic under U.S.S.G. § 2A3.1(b)(2)(A)—relevant when "the victim had not attained the age of twelve years"—resulted in impermissible double counting under the Sentencing Guidelines. Davis so argues because the base offense level, set by cross-reference from U.S.S.G. § 2G1.3(c)(3), *also* accounts for a victim under 12 years old's status. ECF No. 48 at 13–14. Section 2G1.3(c)(3) provides that "[i]f the offense involved interstate travel with intent to engage in a sexual act with a minor who had not attained the age of 12 years . . . § 2A3.1 shall apply, regardless of the 'consent' of the minor." Section 2A3.1, in turn, sets a higher base offense level of 30, which otherwise applies to sexual abuse proscribed by 18 U.S.C. §§ 2242 and 2241(a) and (b). Davis says counsel was constitutionally ineffective for failing to make this double counting argument at sentencing or on appeal.[3]

---

[2] There is no constitutional right to counsel in § 2255 proceedings. *See Brown v. Cameron*, 353 F.2d 835, 836 n.1 (D.C. Cir. 1965). The Criminal Justice Act does, however, provide for representation "for any financially eligible person who . . . is seeking relief under section . . . 2225 of title 28" if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In applying that standard, courts consider: "1) the petitioner's likelihood of success on the merits, 2) the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved, and 3) the factual complexity of the case and whether the petitioner has the ability to investigate undeveloped facts." *United States v. King*, 4 F. Supp. 3d 114, 125 (D.D.C. 2013). Here, Davis's claims clearly lack merit, and resolving them does not require further factual development. For those reasons, and because Davis explained the arguments well and with legal citations, the Court finds that the interests of justice do not require appointment of counsel and will deny Davis's motion seeking that relief.

[3] Davis also raises the specter of whether double counting violates the Fifth Amendment's Double Jeopardy Clause. ECF No. 48 at 13–14. But "[t]he concept of double counting is strictly a matter of guidelines interpretation" and "raises no constitutional concerns." *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). And to the extent this argument depends on the Court

"Generally, impermissible double counting may occur when identical conduct warrants two enhancements under the Guidelines." *United States v. Hochschild*, 442 F.3d 974, 979 (6th Cir. 2006); *see also United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993) ("[I]mpermissible double counting . . . occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines."). "In practical terms, this means that impermissible double counting is to be found where one Guidelines provision 'is akin to a "lesser included offense" of another,' yet both are applied." *Reese*, 2 F.3d at 895 (citation omitted). But "impermissible double counting does not occur if the enhancement does not duplicate an essential element of the offense." *United States v. Valdez-Torres*, 108 F.3d 385, 389 (D.C. Cir. 1997).

Several circuits have addressed whether the exact scenario here amounts to impermissible double counting under the Guidelines. Without exception, they have rejected Davis's argument. *See, e.g.*, *Hochschild*, 442 F.3d at 979; *United States v. Wimberly*, 60 F.3d 281, 288 (7th Cir. 1995); *United States v. Balfany*, 965 F.2d 575, 584 (8th Cir. 1992); *United States v. Speelman*, 431 F.3d 1226, 1233–34 (9th Cir. 2005); *United States v. Jackson*, 82 F.4th 943, 950–51 (10th Cir. 2023) (discussing *United States v. Ransom*, 942 F.2d 775, 776–79 (10th Cir. 1991)). These courts have explained that "[i]t is not an element of [the underlying offense] that the victim be under the age of twelve." *Speelman*, 431 F.3d at 1233. And "it is possible to be sentenced under § 2A3.1 without having victimized a child under the age of twelve." *Id.*; *see also Jackson*, 82 F.4th at 951 ("[T]he base offense level of § 2A3.1 represented sexual abuse proscribed by § 2242, which does not necessarily involve a minor victim."). Thus, "[t]he [Sentencing] Commission may have determined

---

having improperly applied the Guidelines, it also fails, because as explained below, the Court made no mistake in applying them.

6

that the base offense level, while representing a lowest 'common denominator' for the offenses grouped under U.S.S.G. § 2A3.1, does not adequately punish a defendant for his conduct when the victim is so young." *Jackson*, 82 F.4th at 951 (quoting *Ransom*, 942 F.2d at 779). For these reasons, the application to Davis's offense of the four-level "minor victim" specific offense characteristic under U.S.S.G. § 2A3.1(b)(2)(A) is not impermissible double counting.

In arguing otherwise, Davis relies on out-of-circuit precedent holding that "[i]mpermissible double counting occurs when the same conduct justifies two upward adjustments under the Sentencing Guidelines or the same underlying facts that establish an element of the base offense are used to justify an upward enhancement." *United States v. Bell*, 598 F.3d 366, 372 (7th Cir. 2010) (concluding that the application of a two-level enhancement for violating a court order was impermissible double counting). But *Bell* was overruled just two years later by *United States v. Vizcarra*. 668 F.3d 516, 518 (7th Cir. 2012) ("Despite what we have said or implied—most recently in *United States v. Bell* . . .—. . . the default rule is that the same conduct may determine the base offense level and also trigger the cumulative application of enhancements and adjustments unless a specific guideline instructs otherwise."). Moreover, authority in this Circuit suggests that an enhancement—in that case, for use of a dangerous weapon—that "does not duplicate an essential element of [the offense] but instead is properly used to distinguish among sentences imposed pursuant to the section for different kinds of [offenses]," is not impermissible double counting. *Valdez-Torres*, 108 F.3d at 389. So too here.

Of course, "counsel does not perform deficiently by declining to pursue a losing argument." *United States v. Watson*, 717 F.3d 196, 198 (D.C. Cir. 2013). Thus, Davis has not shown that counsel's failure to make this argument at sentencing or on appeal fell below an objective standard of reasonableness, or that such performance resulted in prejudice.

7

### B. Enforceability of Davis's Plea Agreement

Davis argues that the plea bargain was invalid and unenforceable because there was no "offer and acceptance." ECF No. 48 at 17–18. The Government extended the plea offer on March 19, 2018, and it was set to "expire[] on March 30, 2018." ECF No. 14 at 1. But the parties did not sign the agreement until May 17, 2018, the day of Davis's change-of-plea hearing. *See id.* at 11. Thus, Davis says, the offer had lapsed, and "[w]ithout acceptance within the term stipulated, the contract is void." ECF No. 48 at 18. And Davis argues that "no invalid contract could ever be intelligently entered into." ECF No. 54 at 4.

Davis did not make this argument on appeal and so must show cause and prejudice to excuse a procedural default. But Davis makes no effort to do either, so it is defaulted.[4] And it fares no better even if construed as one for ineffective assistance of counsel. True, "a plea agreement is a form of contract." *United States v. Pollard*, 959 F.2d 1011, 1022 (D.C. Cir. 1992). And "[a]n offeree's power of acceptance is terminated at the time specified in the offer . . . ." Restatement (Second) of Contracts, § 41(1). So Davis could not have unilaterally accepted a lapsed offer. But the Government had the power to extend the time in which a plea agreement could be accepted—and that is what happened when both parties signed the plea agreement in May. There is thus no reason to doubt that the plea agreement is enforceable. And none of this suggests that counsel's conduct—advising Davis to sign a plea agreement which by its terms had lapsed but was renewed by the Government—was constitutionally ineffective.

---

[4] To be sure, "ineffective assistance of counsel may provide cause and prejudice for the procedural default." *Winchester v. United States*, 477 F. Supp. 2d 81, 84 (D.D.C. 2007) (citing *Murray*, 477 U.S. at 488–89). But as described below, Davis makes no plausible argument that counsel was ineffective in connection with the plea agreement's enforceability.

8

### C.     Davis's Plea Agreement and Collateral Attack Waiver

Davis contends that the plea agreement was not entered into knowingly, intelligently, and voluntarily, because "[w]hile the collateral attack waiver was present in the plea agreement, it was never mentioned in the plea colloquy, and indeed Ms. Davis was unaware of the collateral review waiver" until months later.  ECF No. 48 at 15.  Again, Davis fails to show cause to excuse the procedural default of not raising this claim on appeal or prejudice for not doing so.  Indeed, Davis made an almost identical argument on direct appeal—that the Court's failure to discuss the right to appeal the sentence during the plea colloquy invalidated the appeal waiver.  *See Davis*, 45 F.4th at 80.  Thus, Davis cannot show that some "objective factor external to the defense" impeded any effort to raise this issue on appeal.  So this argument is procedurally defaulted.[5]

Interpreting this as an ineffective assistance of counsel argument does not help Davis.  Indeed, the Circuit rejected Davis's similar argument on appeal, holding that Davis had not shown the appeal waiver was not, in fact, knowing, intelligent, or voluntary, because "nothing in the record suggest[ed] Davis misunderstood or lacked awareness of the appeal waiver's terms."  *Davis*, 45 F.4th at 80–81.  Davis now makes the same argument about the collateral attack waiver, but it meets the same fate.  As the Circuit reasoned, "Davis signed the agreement, averring to have 'read every page' and 'fully underst[ood] . . . and agree[d] . . . without reservation.'"  *Id.* at 80.  And at the change-of-plea hearing, the Court asked if Davis had "read [the agreement] carefully," "underst[ood] it," and had "enough time to talk to [defense counsel] about it," and Davis responded

---

[5] As noted, "ineffective assistance of counsel may provide cause and prejudice for the procedural default." *Winchester*, 477 F. Supp. 2d at 84 (citing *Murray*, 477 U.S. at 488–89).  But "counsel does not perform deficiently by declining to pursue a losing argument."  *Watson*, 717 F.3d at 198.

"yes" to all these questions. *Id.* Davis has presented no other reason, beyond generalized dissatisfaction with the agreement's terms following sentencing, to suggest that the collateral attack waiver was not knowing, intelligent, or voluntary, or that any advice offered to Davis by counsel to sign that agreement was constitutionally ineffective.[6]

### D.   The Length of Davis's Sentence of Incarceration

Finally, Davis says that the Court erred in imposing a "greater than necessary" sentence. ECF No. 48 at 15–17. This claim is flatly foreclosed by the plea agreement's appeal waiver; it has no connection to any possible claim of ineffective assistance of counsel. Davis also concedes this issue was "argued on appeal," at the same time insisting that because "the appellate court declined to hear § 3553(a) arguments on their merits on appeal, these arguments should at a minimum be considered in a supplementary manner." ECF No. 48 at 17. But the Circuit did not consider these arguments because they were foreclosed by the appeal waiver, and on that score nothing has changed. On top of all that, Davis "cannot raise collaterally any issue litigated and adjudicated on direct review, absent exceptional circumstances." *Moore*, 75 F. Supp. 3d at 572. Davis has not tried to make that showing.[7]

---

[6] Davis criticizes counsel's failure to get certain concessions from the Government as part of the plea agreement. ECF No. 48 at 15–16. But Davis received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), as well as another one-level reduction under § 3E1.1(b), because the authorities were timely notified of Davis's intent to enter a guilty plea. *See* ECF No. 23 at 7. Davis makes no other showing to suggest the plea was not knowing, intelligent, or voluntary. Finally, Davis was specifically warned by the Court at the change-of-plea hearing that "if the sentence in this case ends up being more severe than [Davis] expected, [Davis] will still be bound by [the] plea and will have no right to withdraw it." ECF No. 36 at 19.

[7] Because "[a] judge need not conduct an evidentiary hearing before denying a petition for relief under § 2255 when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,'" the Court finds that an evidentiary hearing is unnecessary. *See United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2255). For the same reason, the Court will deny Davis's motion to compel.

10

## IV. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Davis's Motion to Vacate, ECF No. 48; Motion to Compel Discovery, ECF No. 55; and Motion to Appoint Counsel, ECF No. 56, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: September 20, 2024